UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROBERT BALINT, BRANDON
BOWLING, BRIAN CARROLL,
JOHN CRICHTON, ANDREAS
DELAY, BRETT FORD, ERIK
JARVIS, DOMINIC LYNN,
MATTHEW MCNAB, PAUL
MCCORKELL, JOHN MURPHY,
ADAM SEITHEL, BRIAN SHEETS,
and JOHN TAYLOR,

    Plaintiffs,

v.                                                                          Case No: 6:24-cv-938-JSS-EJK

OSCEOLA COUNTY, FLORIDA,

    Defendant.
_____/

**ORDER**

Plaintiffs move to dismiss Plaintiff John Murphy from this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2), and Defendant does not oppose the motion. (Dkt. 31.) However, this rule "provides only for the dismissal of an entire action. Any attempt to use th[e] rule to dismiss . . . anything less than the entire action[ is] invalid . . . ." *Rosell v. VMSB, LLC*, 67 F.4th 1141, 1143 (11th Cir. 2023). Admittedly, the rule can be used "to dismiss all claims against *a particular defendant*" in a multi-defendant lawsuit because "an 'action' can refer to all the claims against one party," *id.* at 1144 n.2, and similar reasoning supports that "all of a plaintiff's claims in a multi[-]plaintiff suit" can be considered an "action" under the

rule, *Dorn v. Vivint, Inc.*, No. 2:19cv258-MHT, 2024 U.S. Dist. LEXIS 29337, at *4 (M.D. Ala. Feb. 21, 2024).  Nevertheless, the court has not identified cases in which the Eleventh Circuit has held that an "action" can refer to all claims asserted by one plaintiff in a multi-plaintiff suit. *See Esteva v. UBS Fin. Servs. Inc.*, 60 F.4th 664, 675 (11th Cir. 2023) (defining "action" as "lawsuit," "civil proceeding," "entire controversy," and "whole case").

Federal Rule of Civil Procedure 15 is "the proper way to dismiss" less than an entire action. *Breeding v. Integrated Behavioral Health Inc.*, No. 22-10374-GG, 2022 U.S. App. LEXIS 15731, at *3 (11th Cir. June 7, 2022); *accord Perry v. Schumacher Grp. of La.*, 891 F.3d 954, 958 (11th Cir. 2018) ("The easiest and most obvious [way to dismiss less than an entire action] is to seek and obtain leave to amend the complaint to eliminate [claims] pursuant to Rule 15.").  Therefore, the court construes Plaintiffs' motion to dismiss as a motion to amend the complaint to drop all claims asserted by Plaintiff John Murphy. *See Anderberg v. Masonite Corp.*, 176 F.R.D. 682, 686 (N.D. Ga. 1997) ("When a party seeks to dismiss a single claim in a multi-count complaint instead of an entire action, . . . the motion should be treated as a motion to amend the complaint under Rule 15(a) to delete the specific claim."); *see also Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1107 (11th Cir. 2004) ("Unless the plaintiff's motion or the district court's order stipulates otherwise, a claim dropped through a Rule 15 amendment . . . is dismissed without prejudice.").  The court grants the construed motion to amend. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend a pleading before trial] when justice so requires.").

Accordingly:

1. The construed motion to amend (Dkt. 31) is **GRANTED**.

2. All claims asserted by Plaintiff John Murphy in the complaint (Dkt. 1) are **DISMISSED without prejudice**.

3. The Clerk is **DIRECTED** to terminate Plaintiff John Murphy as a party to this case.

**ORDERED** in Orlando, Florida, on October 7, 2024.

*[Signature]*
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record