UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROBERT BALINT, BRANDON BOWLING, BRIAN CARROLL, JOHN CRICHTON, ANDREAS DELAY, BRETT FORD, ERIK JARVIS, DOMINIC LYNN, MATTHEW MCNAB, PAUL MCCORKELL, ADAM SEITHEL, BRIAN SHEETS, and JOHN TAYLOR,

    Plaintiffs,

v.                              Case No: 6:24-cv-938-JSS-UAM

OSCEOLA COUNTY, FLORIDA,

    Defendant.
_____/

## ORDER

Plaintiffs filed this action under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201–219, asserting that Defendant misclassified them as exempt and failed to compensate them at the applicable overtime rate. (Dkt. 1.) After participating in a settlement conference, (*see* Dkt. 27 at 2–3), the parties reached a settlement agreement, (*see* Dkt. 46-1), which they now ask the court to approve, (*see* Dkt. 46). Upon consideration, the court grants the parties' motion (Dkt. 46), approves the settlement agreement (Dkt. 46-1), and dismisses this case with prejudice.

### APPLICABLE STANDARDS

Claims for compensation under the FLSA may be settled only when the Department of Labor supervises the payment of back wages or when the court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Lynn's Food*

*Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). Accordingly, in any FLSA case, the court must review the settlement to determine whether it is a "fair and reasonable resolution of a bona fide dispute." *Id.* at 1355. When evaluating whether a FLSA settlement is fair and reasonable, a court considers six factors: (1) whether the settlement represents a compromise between the parties, (2) whether the terms of the settlement are fully and adequately disclosed, (3) whether the parties are justified in settling the FLSA claims, (4) whether the parties' attorney fees were "agreed upon separately and without regard to the amount paid to the plaintiff[s]," (5) whether the settlement appears unreasonable on its face, and (6) whether "there is reason to believe that the plaintiff[s'] recovery was adversely affected by the amount of fees paid" to the plaintiffs' attorneys. *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

## ANALYSIS

This case involves contested issues of liability and damages constituting a bona fide dispute under the FLSA. (*See* Dkt. 1.) Plaintiffs allege that Defendants misclassified them as exempt and failed to compensate them at the applicable overtime rate. (*See id.*) Defendant denies these allegations. (*See* Dkt. 16.) Under the proposed settlement agreement, Defendant agrees to reclassify Plaintiffs as non-exempt and to pay a total of $344,962.40 to resolve Plaintiffs' FLSA claims. (Dkt. 46-1 at 3.) This total includes $211,500.92 in backpay, $105,750.46 in liquidated damages, and $27,711.02 in reimbursed attorney fees and expenses. (*Id.* at 3–4.) The parties describe the amount of backpay to be paid to each Plaintiff. (*See* Dkt. 46-3 at 1.) Further, the parties state that they mutually determined the method used to calculate the amounts

to be paid per Plaintiff. (Dkt. 46-1 at 5.) Therefore, as the parties assert, (Dkt. 46 at 11–13), the settlement represents a justifiable compromise. In addition, the terms of the settlement are fully and adequately disclosed, and the settlement appears reasonable on its face. (*See* Dkt. 46-1.) *See Bonetti*, 715 F. Supp. 2d at 1228.

Regarding attorney fees, the court is generally required to review the reasonableness of counsel's fee in a FLSA case to assure that counsel is compensated adequately and that no conflict of interest arises involving counsel's compensation and the amount the employee recovers under the settlement. *See Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). However, if the matter of fees is addressed separately and independently from the plaintiffs' recovery and the settlement appears fair, the court may approve the settlement without separately considering the reasonableness of counsel's fees. *See Bonetti*, 715 F. Supp. 2d at 1228; *see also Rezendes v. Domenick's Blinds & Decor, Inc.*, No. 8:14-cv-1401-T-33JSS, 2015 U.S. Dist. LEXIS 94797, at *4–5 (M.D. Fla. July 21, 2015). Here, the parties represent that the amount to be paid to Plaintiffs' counsel was negotiated separately from Plaintiffs' recovery, (Dkt. 46-2 at 3–4), and there is no reason to believe that Plaintiffs' recovery was adversely affected by the amount of fees paid to Plaintiffs' attorneys. Thus, the court approves the settlement without separately considering the reasonableness of counsel's fees. *See Bonetti*, 715 F. Supp. 2d at 1228.

## CONCLUSION

Accordingly:

1. Because the terms of the settlement agreement are fair and reasonable in accordance with *Lynn's Food*, 679 F.2d 1350, the parties' joint motion for

settlement approval (Dkt. 46) is **GRANTED**, and the settlement agreement (Dkt. 46-1) is **APPROVED**.

2. The parties shall comply with the terms of the settlement agreement (Dkt. 46-1), and the court reserves jurisdiction over this action to enforce that agreement.

3. This case is **DISMISSED with prejudice**.

4. The Clerk is **DIRECTED** to terminate any pending motions and deadlines and to close this case.

**ORDERED** in Orlando, Florida, on January 28, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record